IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3158-H

BARRY ANDREW NICHOLS, )
 )
    Plaintiff, )
 )
v. )
 )
DR. E.C. LAND, et al. ) **ORDER**
 )
    Defendant(s). )
 )

Plaintiff Barry Andrew Nichols, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Before the court is a motion to dismiss plaintiff's claims filed by defendant Eurgia C. Land, M.D., ("defendant Land") and defendant David Hinds, P.A. ("defendant Hinds"). Fed. R. Civ P. 12(b)(6). Plaintiff did not respond to the motion to dismiss. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

On November 25, 2008, plaintiff filed this pro se action against defendants Land and Hinds alleging an Eighth Amendment violation for the failure to provide adequate and effective medical care. On March 31, 2009, the court found that plaintiff's claims against defendants Land and Hinds were not clearly frivolous and

requested that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims. After conducting an investigation, NCPLS declined to represent plaintiff in this matter. Defendants filed an answer and a motion to dismiss on September 15, 2009. Plaintiff did not file a response.

## STATEMENT OF THE FACTS

Plaintiff's allegations against defendants arise out of the medical treatment he was allegedly given, or not given, for boils he developed while incarcerated at Tillery Correctional Center. In his complaint, plaintiff states that he completed four medical sick call requests, beginning on July 9, 2008, that requested treatment for boils he was developing on various parts of his body. He says that he was concerned that he was developing Methicillin Resistant Staphylococcus Aureus ("MRSA") because another inmate had been diagnosed with MRSA. According to plaintiff's complaint, each time he filed a request he was told by a nurse, Ms. Reid, that he would be placed on the list to be seen by defendant Land or Hinds. Plaintiff states that his name never appeared on such a list.

According to plaintiff, Nurse Moss gave him a bottle of solution of ML Betasept Surgical 4% Sol. to treat his condition but he continued to get worse. On August 5, 2008, plaintiff allegedly was taken to Halifax Hospital after another inmate filled out an emergency declaration form for him. Plaintiff claims that after being treated at Halifax, he returned to Tillery Correctional

2

Center where he was immediately taken to McCain Prison Hospital and placed in an isolated hospice room. Plaintiff claims that the MRSA had entered into his bloodstream and that he stayed at McCain Hospital for thirty-seven (37) days.

## DISCUSSION

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a suit to be dismissed for failure to state a claim upon which relief can be granted. A complaint should not be dismissed unless it clearly appears that the plaintiff can show no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 46-47 (1957); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

### II. Analysis

Complaints submitted by *pro se* plaintiffs should be construed more liberally in favor of the plaintiff than those submitted by parties who are represented by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, even while construing plaintiff's complaint more liberally in his favor, his allegations fail to state a claim against defendants upon which relief may be granted.

3

Plaintiff states in his complaint that his name was never placed on a list to be treated by defendants. Despite this, nothing in his complaint sets forth an allegation that defendant Land or Hinds were responsible for not placing plaintiff's name on a list to be seen, nor does plaintiff allege that either defendant was ever aware of his medical condition. To state a valid Eighth Amendment claim for failure to provide adequate medical care, a plaintiff must allege that the defendant acted with deliberate indifference to a prisoner's serious medical needs. Id. at 104. In this case, plaintiff has not alleged that either defendant was deliberately indifferent to his serious medical needs. Therefore, plaintiff's claims against defendants are DISMISSED for failure to state a claim.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk of Court is DIRECTED to close this case.

This the 3rd day of June 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
HBB